RAYMOND G. FORTNER, JR., County Counsel
JUDITH A. FRIES, Principal Deputy (SBN 070897)
jfries@counsel.lacounty.gov
LAURIE E. DODS, Deputy County Counsel (SBN 157756)
ldods@counsel.lacounty.gov
500 W. Temple St., Rm. 653
Los Angeles, California 90012
Telephone: (213) 974-1923
Facsimile: (213) 687-7337

BURHENN & GEST LLP
HOWARD GEST (SBN 076514)
hgest@burhenngest.com
DAVID W. BURHENN (SBN 105482)
dburhenn@burhenngest.com
624 South Grand Avenue, Suite 2200
Los Angeles, California 90017
Telephone: (213) 688-7715
Facsimile: (213) 688-7716

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC. and SANTA MONICA BAYKEEPER,<br><br>              Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY FLOOD CONTROL DISTRICT; MICHAEL ANTONOVICH, in his official capacity as Supervisor; YVONNE B. BURKE, in her official capacity as Supervisor; DON KNABE, in his official capacity as Supervisor; GLORIA MOLINA, in her official capacity as Supervisor; ZEV YAROSLAVSKY, in his official capacity as Supervisor; and DEAN EFSTATHIOU, in his official capacity as Director of Los Angeles County Department of Public Works,<br><br>              Defendants. | Case No. CV 08-1467 AHM (PLAx)<br><br>DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION (1) TO STAY ACTION AND (2) TO DISMISS THE FIFTH CLAIM FOR RELIEF OR IN THE ALTERNATIVE, STAY; DECLARATION OF DAVID W. BURHENN<br><br>[F.R. Evid. 201]<br><br><br>Date: June 16, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 14 |

-1-

1       In their Memorandum of Points and Authorities in Support of Motion (1) to
2 Stay Action, and (2) to Dismiss the Fifth Claim for Relief Or, in the Alternative, Stay
3 filed on April 22, 2008, Defendants stated that Plaintiffs in this action had moved to
4 intervene in litigation pending in the Orange County Superior Court, *Cities of Arcadia*
5 *v. State Water Resources Control Board,* Case No. 06CC02974 ("Basin Plan
6 litigation"). Defendants attached copies of pleadings in which plaintiffs sought to
7 intervene in the Basin Plan litigation to a Request for Judicial Notice.

8       The Orange County Superior Court entered an Order on May 1, 2008 granting
9 leave for plaintiffs Natural Resources Defense Council and Santa Monica Baykeeper,
10 along with non-plaintiff Heal the Bay, to intervene in the Basin Plan litigation.
11 Defendants are hereby providing the Court with copies of the Order and Complaint in
12 Intervention.

13       Accordingly, pursuant to Federal Rule of Evidence 201, Defendants
14 respectfully request that this Court take judicial notice of the following:

15       1.    Order Granting NRDC, Heal the Bay, and Santa Monica Baykeeper
16 Leave to Intervene, *Cities of Arcadia v. State Water Resources Control Board,* filed
17 May 1, 2008, a certified copy of which is attached to the Declaration of David W.
18 Burhenn as Exhibit 1. This Order is subject to judicial notice as a record in court files.
19 *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

20       2.    NRDC, Heal the Bay, and Santa Monica Baykeeper's Complaint in
21 Intervention, *Cities of Arcadia v. State Water Resources Control Board,* filed May 1,
22 2008, a copy of which is attached to the Declaration of David W. Burhenn as
23 ///
24 ///
25 ///
26 ///
27 ///

-2-

28

1    Exhibit 2.  This Complaint is subject to judicial notice as a record in court files.  *See*

2    *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

3    Dated:  May 16, 2008          RAYMOND G. FORTNER, JR., County Counsel
                                    JUDITH A. FRIES, Principal Deputy
4                                   LAURIE E. DODS, Deputy County Counsel

5                                   BURHENN & GEST LLP
                                    HOWARD GEST
6                                   DAVID W. BURHENN

7

8                                   By: _____
                                              David W. Burhenn
9                                             Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -3-

28

DECLARATION OF DAVID W. BURHENN

IN SUPPORT OF SECOND REQUEST FOR JUDICIAL NOTICE

I, David W. Burhenn, hereby declare:

1.      I am a member of Burhenn & Gest LLP and as such, am one of the attorneys principally responsible for representing defendants in this action.

2.      I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently thereto.

3.      Attached hereto as Exhibit 1 is a certified copy of an Order Granting NRDC, Heal the Bay, and Santa Monica Baykeeper Leave to Intervene in *Cities of Arcadia v. State Water Resources Control Board,* Case No. 06CC02974, filed May 1, 2008, in Orange County Superior Court. This pleading was obtained at my firm's direction from the records of the Orange County Superior Court.

4.      Attached hereto as Exhibit 2 is a copy of NRDC, Heal the Bay, and Santa Monica Baykeeper's Complaint in Intervention in *Cities of Arcadia v. State Water Resources Control Board,* Case No. 06CC02974, filed May 1, 2008. This pleading was obtained at my firm's direction from the records of the Orange County Superior Court.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of May, 2008, at Los Angeles, California.

David W. Burhenn

-4-

EXHIBIT 1

1 | David S. Beckman, Bar No. 156170
  |   dbeckman@nrdc.org
2 | Michelle S. Mehta, Bar No. 224525
  |   mmehta@nrdc.org
3 | Noah J. Garrison, Bar No. 252154
  |   ngarrison@nrdc.org
4 | Natural Resources Defense Council, Inc.
  | 1314 Second Street
5 | Santa Monica, CA  90401
  | Tel. (310) 434-2300
6 | Fax. (310) 434-2399

7 | Attorneys for Intervenors
  | Natural Resources Defense Council,
8 | Heal the Bay, and Santa Monica Baykeeper

**ELECTRONICALLY RECEIVED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

Apr 01 2008

ALAN SLATER, Clerk of the Court

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

MAY 01 2008

ALAN SLATER, Clerk of the Court
BY  P. RIEF

9

10 | SUPERIOR COURT OF CALIFORNIA

11 | COUNTY OF ORANGE

12

13 | THE CITIES OF ARCADIA, BELLFLOWER,
   | CARSON, CERRITOS, CLAREMONT, COMMERCE,
14 | DOWNEY, DUARTE, GARDENA, GLENDORA,
   | HAWAIIAN GARDENS, IRWINDALE, LAWNDALE,
15 | MONTEREY PARK, PARAMOUNT, SANTA FE
   | SPRINGS, SIGNAL HILL, VERNON, WALNUT,
16 | WEST COVINA and WHITTIER, municipal
   | corporations, and BUILDING INDUSTRY LEGAL
17 | DEFENSE FOUNDATION, a non-profit corporation,

18 | Petitioners/Plaintiffs,

19 | v.

20 | STATE WATER RESOURCES CONTROL BOARD;
   | and THE CALIFORNIA REGIONAL WATER
21 | QUALITY CONTROL BOARD, LOS ANGELES
   | REGION,

22

23 | Respondents/Defendants.

Case No.: 06CC02974
Honorable Thierry Patrick Colaw

TPC
[PROPOSED] ORDER
GRANTING NRDC, HEAL THE
BAY, AND SANTA MONICA
BAYKEEPER LEAVE TO
INTERVENE

Date:    April 25, 2008
Time:    10:00 a.m.
Dept:    CX-104

Action filed:    December 9, 2005
Trial date:      February 27, 2008

24

25 | The motion of the Natural Resources Defense Council ("NRDC"), Heal the Bay, and the

26 | Santa Monica Baykeeper ("Baykeeper") for leave to intervene in this action was heard before the

27 | Honorable Thierry Patrick Colaw in Department CX-104 of the above-entitled Court on April 25,

28 | 2008.  Having considered the arguments and submissions of counsel, and good cause appearing,

[Proposed] Order Granting NRDC,
Heal the Bay, and Baykeeper Leave To Intervene

Case No.: 06CC02974

IT IS HEREBY ORDERED AND ADJUDGED:

1. NRDC, Heal the Bay, and Baykeeper are granted leave to intervene in this action pursuant to Code of Civil Procedure Section 387(a) and (b); and

2. NRDC, Heal the Bay, and Baykeeper's proposed Complaint-in-Intervention is accepted for filing.

IT IS SO ORDERED.

Date: 1 May 2008

Hon. THIERRY PATRICK COLAW

[Proposed] Order Granting NRDC,
Heal the Bay, and Baykeeper Leave To Intervene

1

Case No.: 06CC02974

1

<u>PROOF OF SERVICE</u>

2

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1314 Second Street, Santa Monica, California 90401.

3

4

    On March 31, 2008 I served the within document described as **[PROPOSED] ORDER GRANTING NRDC, HEAL THE BAY, AND SANTA MONICA BAYKEEPER LEAVE TO INTERVENE** on the interested parties in said action by placing true copies thereof in a sealed envelope and by causing such envelope to be delivered by hand by a messenger service to the office of the addressee as indicated below:

5

6

7

8

Richard Montevideo
Rutan & Tucker, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, CA
92626-1931

Jennifer F. Novak
Michael W. Hughes
Deputy Attorney General
300 South Spring St., Suite 1702
Los Angeles, CA 90013

9

10

11

12

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13

    Executed on March 31, 2008 at Santa Monica, California.

14

15

16

Margaret A. Oakley

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Granting NRDC,
Heal the Bay, and Baykeeper Leave To Intervene

Case No.: 06CC02974

I hereby certify the foregoing instrument consisting of __3__ page(s), is a true and correct copy of the original on file in this court.

ATTEST: (DATE)_____ MAY 1 3 2008

ALAN SLATER, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY _____ , DEPUTY

Hector Siaca

8

EXHIBIT 2

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

MAY 01 2008

ALAN SLATER, Clerk of the Court

BY P. NIER

1  David S. Beckman, Bar No. 156170
    dbeckman@nrdc.org
2  Michelle S. Mehta, Bar No. 224525
    mmehta@nrdc.org
3  Noah J. Garrison, Bar No. 252154
    ngarrison@nrdc.org
4  Natural Resources Defense Council, Inc.
   1314 Second Street
5  Santa Monica, CA  90401
   Tel. (310) 434-2300
6  Fax. (310) 434-2399

7  Attorneys for Intervenors
   Natural Resources Defense Council,
8  Heal the Bay, and Santa Monica Baykeeper

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF ORANGE

11

12  THE CITIES OF ARCADIA, BELLFLOWER,            Case No.: 06CC02974
    CARSON, CERRITOS, CLAREMONT, COMMERCE,        Honorable Thierry Patrick Colaw
13  DOWNEY, DUARTE, GARDENA, GLENDORA,
    HAWAIIAN GARDENS, IRWINDALE, LAWNDALE,
14  MONTEREY PARK, PARAMOUNT, SANTA FE            **NRDC, HEAL THE BAY, AND**
    SPRINGS, SIGNAL HILL, VERNON, WALNUT,         **SANTA MONICA**
15  WEST COVINA and WHITTIER, municipal           **BAYKEEPER'S [~~PROPOSED~~]**
    corporations, and BUILDING INDUSTRY LEGAL     **COMPLAINT IN**
16  DEFENSE FOUNDATION, a non-profit corporation, **INTERVENTION**

17                    Petitioners/Plaintiffs,

18             v.                                 Date:     April 25, 2008
                                                  Time:     10:00 a.m.
19  STATE WATER RESOURCES CONTROL BOARD;          Dept:     CX-104
    and THE CALIFORNIA REGIONAL WATER
20  QUALITY CONTROL BOARD, LOS ANGELES            Action filed:   December 9, 2005
    REGION,                                       Trial date:     February 27, 2008
21                    Respondents/Defendants,

22

23

24       1.    The Natural Resources Defense Council ("NRDC"), Santa Monica Baykeeper

25  ("Baykeeper"), and Heal the Bay (collectively "Intervenors"), hereby intervene in this action and

26  do hereby submit their Complaint in Intervention to join respondents and defendants in resisting

27  the claims of petitioners and plaintiffs in any and all appropriate circumstances, and where

28  appropriate, to seek relief adverse to all existing parties, as follows:


Complaint in Intervention                                 Case No. 06CC02974

**INTRODUCTION**

2.      On or about December 9, 2005, petitioners and plaintiffs, City of Arcadia, City of Bellflower, City of Carson, City of Cerritos, City of Claremont, City of Commerce, City of Downey, City of Duarte, City of Gardena, City of Glendora, City of Hawaiian Gardens, City of Irwindale, City of Lawndale, City of Monterey Park, City of Paramount, City of Santa Fe Springs, City of Signal Hill, City of Vernon, City of Walnut, City of West Covina, City of Whittier ("Cities"), and the Building Industry Legal Defense Foundation (collectively "Petitioners") commenced this action by filing a "Petition For Writ of Mandate and Complaint for Declaratory and Injunctive Relief" ("Petition") against respondents and defendants, the California State Water Resources Control Board ("State Board") and the California Regional Water Quality Control Board, Los Angeles Region ("Regional Board")  (collectively "Respondents") seeking among other things: (1) to rescind or revise water quality standards and objectives as set forth in the Water Quality Control Plan for the Los Angeles Region ("Basin Plan"); (2) to vacate and remand the Regional Board's certification of its 2004 Triennial Review of the Basin Plan, certified on or about March 3, 2005; and (3) declaratory and injunctive relief.

3.      We are informed and believe that the Regional Board has appeared in this action by filing an answer to Petitioner's Petition on November 8, 2006.

4.      Intervenors have a direct and immediate interest in the subject matter of this litigation, the Basin Plan, total maximum daily loads ("TMDLs") adopted by the Regional Board, and the broader affect of the resolution of the claims raised by Petitioners on water quality control efforts in California.  The following interests, among others, make Intervenors' intervention proper under California Code of Civil Procedure ("CCP") section 387(a):  (1) the outcome of this litigation will determine a key regulatory tool for addressing polluted storm water and urban water runoff in Los Angeles County and thus, will have a significant impact on our members, who are, *inter alia*, swimmers, beachgoers, fisherman, and boaters; (2) Intervenors have a long history of extensive participation  to strengthen and enforce the water quality standards attacked by Petitioners in this litigation, both as parties in other actions and in administrative forums; (3) Intervenors are also interested in the greater impact that this litigation could have on other basin

Complaint in Intervention                            2                          Case No. 06CC02974

1  plans and water quality standards or objectives throughout California.  Intervention is also
2  appropriate under section 387(a) because it will not enlarge the issues currently pending in this
3  case and because none of the existing parties adequately represent Intervenors.

4      5.    Intervenors are also entitled to intervene under CCP section 387(b).  Not only do
5  Intervenors have interests in the water quality in Los Angeles County that are significantly
6  impacted by this Basin Plan, Intervenors are also situated such that the disposition of this action,
7  may, as a practical matter, impair or impede our ability to protect those interests, and those
8  interests are not adequately represented by the existing parties.  (*See* Cal. Code Civ. Proc. §
9  387(b)).

10                                      **PARTIES**

11     6.    Petitioner Cities have stated in the Petition that they are municipalities located
12  within the Los Angeles Region and are responsible for implementing the terms of the Permit.

13     7.    Petitioner the Building Industry Legal Defense Foundation stated in the Petition
14  that it is a California non-profit corporation whose members reside and conduct commercial land
15  development activities within the jurisdiction of the Regional Board and within the City
16  Petitioners' jurisdictions, and is authorized to bring legal action on behalf of its members.

17     8.    On information and belief, Intervenors allege that Respondent State Board is a
18  public agency of the State of California formed pursuant to California Water Code sections 174 *et*
19  *seq.* and 13100 *et seq.*

20     9.    On information and belief, Intervenors allege that Respondent Regional Board is a
21  public agency of the State of California formed pursuant to California Water Code Section 13201.

22     10.   Intervenor Natural Resources Defense Council is a not-for-profit membership
23  corporation organized under the laws of the State of New York, with offices in Los Angeles, San
24  Francisco, Chicago, Beijing, New York, and Washington D.C.  NRDC has over 400,000 members
25  throughout the United States, including over 79,000 members who reside within the State of
26  California.  Founded in 1970, NRDC is dedicated to protecting public health and the environment
27  and regularly pursues the effective implementation and enforcement of the Clean Water Act on
28  behalf of its members.

Complaint in Intervention              3              Case No. 06CC02974

11.     Intervenor Santa Monica Baykeeper is a not-for-profit membership corporation organized under the laws of the State of California.  Baykeeper has over 3000 members, most of whom reside in Los Angeles County and who use, or would like to use, the region's water resources.  On behalf of its members, Baykeeper's mission is to protect and restore the waters of Santa Monica Bay, San Pedro Bay, and adjacent waters, including local watersheds, marine sanctuaries, rivers, coastal estuaries, wetlands, and bays from urban and stormwater runoff, illegal dumping, toxic sources, hazardous spills, and other pollution.  When water quality violations or habitat destruction threaten the region's waters, Baykeeper pursues, on behalf of its members, compliance efforts and remediation.  Baykeeper also pursues the effective implementation and enforcement of the Clean Water Act on behalf of its members.

12.     Intervenor Heal the Bay is a California non-profit corporation based in Santa Monica, California, with approximately 12,000 members and volunteers residing throughout Southern California, including Los Angeles County.  On behalf of its members, Heal the Bay is dedicated to making Santa Monica Bay, Southern California coastal waters, and tributary streams safe and healthy again for people and aquatic life.  To accomplish this mission, Heal the Bay conducts independent scientific research, water quality monitoring, and educational outreach to provide a better understanding of the effects of urban runoff on aquatic resources.  In addition, Heal the Bay pursues environmental advocacy and litigation on behalf of its members to protect aquatic life and riparian resources.

13.     Members of Intervenors reside near the Los Angeles River, Ballona Creek, Santa Monica Bay, San Pedro Bay, and other coastal waters, and routinely use Los Angeles County's water resources, and those outside the Los Angeles area, for contact and non-contact water recreation, recreational and sport fishing, scientific study, wildlife observation, aesthetic enjoyment, and other recognized beneficial uses, and therefore, have a significant interest in the quality of those waters.  The quality of the waters and the standards that regulate pollution discharged into them directly affects the health, recreational, aesthetic, scientific, environmental, and other related interests of Intervenors and our members.  The interests of Intervenors and our members have been, are being, and will continue to be adversely affected by polluted urban runoff

Complaint in Intervention                    4                    Case No. 06CC02974

1  in Los Angeles County as well as throughout California, and they are beneficially interested in
2  ensuring protection of Los Angeles County's waters through the Basin Plan and the standards
3  therein that apply to polluted runoff.  Furthermore, these members are similarly beneficially
4  interested in assuring that other plans or permits in other regions in the State are not weakened by
5  the potential collateral impact of this litigation.

6                              **JURISDICTION AND VENUE**

7          14.     This Court has jurisdiction over this Complaint in Intervention to the extent to
8  which it has jurisdiction over Petitioners' Petition.

9          15.     On information and belief, Intervenors allege that venue in this Court is proper.

10                             **GENERAL ALLEGATIONS**

11                              *Statutory Framework*

12         16.     The Clean Water Act, including its requirement that water quality standards be
13 established, is designed, *inter alia*, to protect human health and welfare from the dangers presented
14 by water pollution and to improve water quality throughout the United States.  (*See* 33 U.S.C. §§
15 1251(a)(2), 1254(a)-(c), 1313.)

16         17.     The Clean Water Act mandates that states and the U.S. Environmental Protection
17 Agency ("U.S. EPA") establish water quality standards for all waters within their boundaries
18 which set the level of water quality to be attained or maintained.  (33 U.S.C. § 1313.)   In setting
19 the standards, states and U.S. EPA are not free to establish any level of protection, but must meet
20 minimum federal requirements and abide by federally-mandated procedures and obligations.  The
21 standards contain three required elements: (1) designated uses, such as "public water supply"; (2)
22 water quality criteria to protect the established designated uses; and (3) a state antidegradation
23 policy consistent with federal standards.  (40 C.F.R. §§ 131.6, 131.10, 131.11, 131.12 (2003).)
24 Dischargers are required to comply with effluent limitations, which restrict the quantities, rates,
25 and concentrations of discharged pollutants, in order to meet water quality standards.  (33 U.S.C. §
26 1362(11).)

27         18.     When a water body does not attain established water quality standards, the state
28 must identify the water as impaired and establish a total maximum daily load (TMDL) for the

Complaint in Intervention                    5                    Case No. 06CC02974

1  pollutants impairing the water body, to be submitted for approval to the U.S. EPA. (33 U.S.C. §

2  1313(d); 40 C.F.R. §§ 130.2, 130.7.)

3       19.    The California Porter-Cologne Water Quality Control Act establishes statewide

4  policy for water quality protection in California and is administered by nine regional water quality

5  control boards, overseen by Respondent State Water Board. (Wat. Code §§ 13140, 13200.) The

6  regional water boards formulate water quality control plans, also known as "basin plans," for each

7  of the state's watersheds. (Wat. Code § 13240.) A basin plan consists of beneficial uses, water

8  quality objectives to protect beneficial uses, and an implementation program to achieve water

9  quality objectives. (Wat. Code § 13050(j).)

10       20.    A basin plan must be approved by the State Board and the Office of Administrative

11  Law after its adoption by a regional board (Wat. Code §§ 13245, 13246; Gov. Code § 11353(b).)

12  Regional boards must periodically review their basin plans. (Wat. Code § 13040; 33 U.S.C. §

13  1313(c)(1).) New or revised water quality standards must be approved by U.S. EPA. (33 U.S.C. §

14  1313(c)(3); 40 C.F.R. § 131.20(c).)

15                          ***Facts***

16       21.    Intervenors are informed and believe that Respondent Regional Board adopted a

17  Basin Plan for the Los Angeles River Basin in the mid-1970s. Thereafter, triennial reviews were

18  conducted and amendments to the Basin Plan were undertaken, including in 1994.

19       22.    Intervenors are informed and believe that on or about March 3, 2005, the Regional

20  Board certified completion of its 2004 Triennial Review of the Basin Plan, and reviewed

21  applicable water quality standards in order to, among other things, set forth a list of priorities for

22  the subsequent three-year period.

23       23.    Intervenors are informed and believe that the Regional Board solicited public input

24  and held two public workshops and two public hearings during the course of its review and prior to

25  the March 3, 2005 public hearing at which the Regional Board certified completion of its 2004

26  Triennial Review of the Basin Plan.

27       24.    Intervenors are informed and believe that on January 26, 2006, U.S. EPA indicated

28  its approval of the Regional Board's Triennial Review process.

Complaint in Intervention        6         Case No. 06CC02974

## ANSWER TO THE PETITION OF THE CITY OF ARCADIA, *et al.*

25.    In answer to Petitioners' Petition for Writ of Mandate ("Petition") on file herein, Intervenors admit, deny, and allege as follows:

Paragraphs Number 1 through 105

Paragraph Number 1

26.    In response to paragraph 1, Intervenors admit each and every allegation contained in paragraph 1.

Paragraph Number 2

27.    In response to paragraph 2, Intervenors have neither information nor belief as to the truth of the allegations contained in paragraph 2 sufficient to answer any of those allegations, and on that basis deny each and every allegation contained in paragraph 2.

Paragraph Number 3

28.    In response to paragraph 3, Intervenors will accept as true the allegations contained in paragraph 3.

Paragraph Number 4

29.    In response to paragraph 4, Intervenors admit each and every allegation contained in paragraph 4.

Paragraph Number 5

30.    In response to paragraph 5, Intervenors deny that the Regional Board is a "regional agency" as stated within sentence one of paragraph 5, but admit that the Regional Board's organization, membership, and duties are provided in Water Code sections 13200 *et seq.* subject to, *inter alia,* superior laws such as the Clean Water Act.  Intervenors admit that the Regional Board is one of nine such boards and that each operates, in part, under the purview and policies of the State Board.

Paragraph Number 6

31.    In response to paragraph 6, Intervenors have neither information nor belief as to the truth of the allegations contained in paragraph 6 sufficient to answer any of those allegations, and on that basis deny each and every allegation contained in paragraph 6.

Complaint in Intervention                    7                    Case No. 06CC02974

Paragraph Number 7

32.     In response to paragraph 7, Intervenors will accept as true the allegations contained in paragraph 7.

Paragraph Number 8

33.     In response to paragraph 8, Intervenors deny each and every allegation contained in paragraph 8.

Paragraph Number 9

34.     In response to paragraph 9, Intervenors deny that Respondent Regional Board acted "arbitrarily and capriciously" or "without complying with law" or otherwise contrary to law in performing its 2004 Triennial Review of the Basin Plan.  Intervenors have neither information nor belief as to the truth of the other allegations contained in paragraph 9 sufficient to answer any of those allegations, and on that basis deny each and every remaining allegation contained in paragraph 9.

Paragraph Number 10

35.     In response to paragraph 10, Intervenors admit each and every allegation in sentence one of paragraph 10 and further admit that an amendment to the Basin Plan occurred in 1994.  Intervenors deny the remaining allegations contained in paragraph 10.

Paragraph Number 11

36.     In response to paragraph 11, Intervenors admit the allegations contained in sentence one of this paragraph, except that they deny the allegation that the review conducted was "purported."  With respect to the second sentence in paragraph 11, Intervenors admit the allegations contained therein except that Intervenors have neither information nor belief regarding whether the Regional Board "effectuated" modifications or revisions, and on that basis deny those allegations.

Paragraph Number 12

37.     In response to paragraph 12, Intervenors contend that the provisions of law referenced therein speak for themselves and therefore no answers are required.

///

Complaint in Intervention                 8                 Case No. 06CC02974

Paragraph Number 13

38.     In response to paragraph 13, Intervenors admit that that the Regional Board certified completion of the 2004 Triennial Review and otherwise deny each and every remaining allegation contained in paragraph 13.

Paragraph Number 14

39.     In response to paragraph 14, Intervenors admit based on information and belief each and every allegation contained in sentence one of paragraph 14.  Intervenors admit each and every allegation contained in sentence two of paragraph 14.  Intervenors deny each and every other allegation contained in paragraph 14.

Paragraph Number 15

40.     In response to paragraph 15, Intervenors admit that certain development activities are subject to local, state and federal water quality statutes and regulations and that some of these requirements are based on adopted water quality standards/objectives.  Intervenors deny each and every other allegation contained in paragraph 15.

Paragraph Number 16

41.     In response to paragraph 16, Intervenors admit that with the Petition, Petitioners/Plaintiffs appear to be challenging water quality standards/objectives in the Basin Plan and the process for conducting the 2004 Triennial Review of the Basin Plan.  Intervenors deny each and every remaining allegation contained in paragraph 16.

Paragraph Number 17

42.     In response to paragraph 17, Intervenors admit that Petitioners/Plaintiffs appear to "seek a writ of mandate under Code of Civil Procedure section 1085, a declaratory judgment under Code of Civil Procedure section 1060, and injunctive relief under Water Code section 13361, code of Civil Procedure sections 526 and 527, and Civil code section 3422."

Paragraph Number 18

43.     In response to paragraph 18, Intervenors admit that venue in this court is proper.  Intervenors admit that Petitioner cities are located within Los Angeles County, and that Respondents regulatory actions focus within Los Angeles County.

Complaint in Intervention                    9                    Case No. 06CC02974

Paragraph Number 19

44.     In response to paragraph 19, Intervenors admit that the 2004 Triennial Review of the Basin Plan was certified as complete by Respondent Regional Board in 2005. Intervenors deny each and every remaining allegation contained in paragraph 19.

Paragraph Number 20

45.     In response to paragraph 20, Intervenors admit that TMDLs are regulations and that some adopted TMDLs could lead to actions that impact Petitioners. Intervenors deny each and every remaining allegation contained in paragraph 20.

Paragraph Number 21

46.     In response to paragraph 21, Intervenors admit that the Basin Plan is a state regulation. Intervenors deny each and every remaining allegation contained in paragraph 21.

Paragraph Number 22

47.     In response to paragraph 22, Intervenors deny each and every allegation contained in paragraph 22.

Paragraph Number 23

48.     In response to paragraph 23, Intervenors contend that the provisions of law referenced in sentences one and two of paragraph 23 speak for themselves and therefore no answers are required. Intervenors deny each and every other allegation contained in paragraph 23.

Paragraph Number 24

49.     In response to paragraph 24, Intervenors contend that the Clean Water Act and California Porter-Cologne Water Quality Control Act referenced in paragraph 24 speak for themselves and therefore no answers are required.

Paragraph Number 25

50.     In response to paragraph 25, Intervenors admit that the Regional Board adopted a water quality control plan in or about 1975 and further admit that the Basin Plan serves as a State Water Quality Control Plan for the Los Angeles Basin. Intervenors deny each and every other allegation in Paragraph 25.

///

Complaint in Intervention                    10                    Case No. 06CC02974

Paragraph Number 26

51.     In response to paragraph 26, Intervenors admit that the Basin Plan was amended, *inter alia,* in 1994, as alleged in sentence one.  Intervenors admit the allegations contained in sentence two of paragraph 26.  Intervenors deny each and every other allegation contained in paragraph 26.

Paragraph Number 27

52.     In response to paragraph 27, Intervenors deny that the statute cited is accurately quoted and further contend that paragraph 27 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speaks for themselves.

Paragraph Number 28

53.     In response to paragraph 28, Intervenors deny that the statute cited is accurately quoted and further contend that paragraph 28 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speak for themselves.

Paragraph Number 29

54.     In response to paragraph 29, Intervenors deny each and every allegation contained in paragraph 29.

Paragraph Number 30

55.     In response to paragraph 30, Intervenors deny each and every allegation contained in paragraph 30.

Paragraph Number 31

56.     In response to paragraph 31, Intervenors contend that the Basin Plan referenced in paragraph 31 speaks for itself and therefore no answers are required, and deny each and every other allegation contained in paragraph 31.

Paragraph Number 32

57.     In response to paragraph 32, Intervenors admit that some "public comments submitted during the 2004 triennial Review Process" challenged the designation of "potential" beneficial uses for waters in the Basin Plan.  Intervenors deny each and every other allegation contained in paragraph 32.

Complaint in Intervention                    11                    Case No. 06CC02974

<u>Paragraph Number 33</u>

58.   In response to paragraph 33, Intervenors deny that each statute cited is accurately quoted and otherwise contend that the provisions of law referenced in paragraph 33 speak for themselves and therefore no answers are required.

<u>Paragraph Number 34</u>

59.   In response to paragraph 34, Intervenors deny that the regulation cited is accurately quoted or characterized; and otherwise contend that paragraph 34 calls for legal conclusions for which no answers are required, as the provisions of law referenced in paragraph 34 speak for themselves.

<u>Paragraph Number 35</u>

60.   In response to paragraph 35, Intervenors contend that paragraph 35 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speak for themselves; deny that the statute cited is accurately quoted and characterized; and otherwise deny each remaining allegation contained in this paragraph.

<u>Paragraph Number 36</u>

61.   In response to paragraph 36, Intervenors contend that paragraph 36 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speak for themselves; and deny each and every other allegation in paragraph 36.

<u>Paragraph Number 37</u>

62.   In response to paragraph 37, Intervenors contend that paragraph 37 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speak for themselves.

<u>Paragraph Number 38</u>

63.   In response to paragraph 38, Intervenors admit the adoption of Basin Plan amendments establishing trash TMDLs for the Los Angeles River and Ballona Creek.  Intervenors deny each and every other allegation in paragraph 38.

///

///

Complaint in Intervention                    12                    Case No. 06CC02974

Paragraph Number 39

64.     In response to paragraph 39, Intervenors admit the approval of metals TMDLs for the Los Angeles River and Ballona Creek.  Intervenors deny each and every other allegation contained in paragraph 39.

Paragraph Number 40

65.     In response to paragraph 40, Intervenors admit that numerous TMDLs remain to be adopted for the Los Angeles Region.  Intervenors deny each and every other allegation contained in paragraph 40.

Paragraph Number 41

66.     In response to paragraph 41, Intervenors contend that paragraph 41 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speak for themselves; and deny each and every other allegation contained in paragraph 41.

Paragraph Number 42

67.     In response to paragraph 42, Intervenors contend that paragraph 42 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speak for themselves; denies that the legal provisions cited are accurately quoted or characterized; and deny each and every other allegation contained in paragraph 42.

Paragraph Number 43

68.     In response to paragraph 43, Intervenors deny each and every allegation contained in paragraph 43.

Paragraph Number 44

69.     In response to paragraph 44, Intervenors deny each and every allegation contained in paragraph 44.

Paragraph Number 45

70.     In response to paragraph 45, Intervenors have neither information nor belief as to the truth of the allegations contained in sentence one sufficient to answer those allegations, and on that basis deny each and every allegation contained in sentence one.   Intervenors deny each and every allegation contained in the remainder of paragraph 45.

Complaint in Intervention                    13                    Case No. 06CC02974

Paragraph Number 46

71.     In response to paragraph 46, Intervenors admit that the certification of the 2004 Triennial Review "remains in place;" have neither information nor belief sufficient to answer the allegations in contained in the first sentence of Paragraph 46;  and deny each and every other allegation contained in paragraph 46.

Paragraph Number 47

72.     In response to paragraph 47, Intervenors deny the allegations contained in the first and third sentences of Paragraph 47 and contend that sentence two of paragraph 47 calls for legal conclusions for which no answers are required, as the provisions of law referenced therein speak for themselves.

Paragraph Number 48

73.     In response to paragraph 48, Intervenors deny each allegation contained in paragraph 48.

Paragraph Number 49

74.     In response to paragraph 49, Intervenors deny each and every allegation contained in paragraph 49.

Paragraph Number 50

75.     In response to paragraph 50, deny each allegation in paragraph 50.

**RESPONSES TO FIRST CAUSE OF ACTION**

Paragraph Number 51

76.     In response to paragraph 51, Intervenors incorporate by reference the answers contained in paragraphs 1 through 50, as stated above.

Paragraph Number 52

77.     In response to paragraph 52, Intervenors deny each and every allegation contained in paragraph 52.

Paragraph Number 53

78.     In response to paragraph 53, Intervenors deny each and every allegation contained in paragraph 53.

Complaint in Intervention                    14                    Case No. 06CC02974

Paragraph Number 54

79.     In response to paragraph 54, Intervenors deny each and every allegation contained in paragraph 54.

Paragraph Number 55

80.     In response to paragraph 55, Intervenors deny each and every allegation contained in paragraph 55.

Paragraph Number 56

81.     In response to paragraph 56, Intervenors deny each and every allegation contained in paragraph 56.

Paragraph Number 57

82.     In response to paragraph 57, Intervenors deny each and every allegation contained in paragraph 57.

**RESPONSES TO SECOND CAUSE OF ACTION**

Paragraph Number 58

83.     In response to paragraph 58, Intervenors incorporate by reference the answers contained in paragraphs 1 through 57, as stated above.

Paragraph Number 59

84.     In response to paragraph 59, Intervenors deny each and every allegation contained in paragraph 59.

Paragraph Number 60

85.     In response to paragraph 60, Intervenors deny each and every allegation contained in paragraph 60.

Paragraph Number 61

86.     In response to paragraph 61, Intervenors deny each and every allegation contained in paragraph 61.

Paragraph Number 62

87.     In response to paragraph 62, Intervenors deny each and every allegation contained in paragraph 62.

Complaint in Intervention                    15                    Case No. 06CC02974

Paragraph Number 63

88.     In response to paragraph 63, Intervenors deny each and every allegation contained in paragraph 63.

Paragraph Number 64

89.     In response to paragraph 64, Intervenors deny each and every allegation contained in paragraph 64.

**RESPONSES TO FOURTH CAUSE OF ACTION**

Paragraph Number 65

90.     In response to paragraph 65, Intervenors incorporate by reference the answers contained in paragraphs 1 through 64, as stated above.

Paragraph Number 66

91.     In response to paragraph 66, Intervenors deny each and every allegation contained in paragraph 66.

Paragraph Number 67

92.     In response to paragraph 67, Intervenors deny each and every allegation contained in paragraph 67.

Paragraph Number 68

93.     In response to paragraph 68, Intervenors deny each and every allegation contained in paragraph 68.

Paragraph Number 69

94.     In response to paragraph 69, Intervenors deny each and every allegation contained in paragraph 69.

Paragraph Number 70

95.     In response to paragraph 70, Intervenors deny each and every allegation contained in paragraph 70.

///

///

///

Complaint in Intervention              16              Case No. 06CC02974

## RESPONSES TO FOURTH CAUSE OF ACTION

<u>Paragraph Number 71</u>

96.   In response to paragraph 71, Intervenors incorporate by reference the answers contained in paragraphs 1 through 70, as stated above.

<u>Paragraph Number 72</u>

97.   In response to paragraph 72, Intervenors deny each and every allegation contained in paragraph 72.

<u>Paragraph Number 73</u>

98.   In response to paragraph 73, Intervenors deny each and every allegation contained in paragraph 73.

<u>Paragraph Number 74</u>

99.   In response to paragraph 74, Intervenors deny each and every allegation contained in paragraph 74.

<u>Paragraph Number 75</u>

100.   In response to paragraph 75, Intervenors deny each and every allegation contained in paragraph 75.

<u>Paragraph Number 76</u>

101.   In response to paragraph 76, Intervenors deny each and every allegation contained in paragraph 76.

<u>Paragraph Number 77</u>

102.   In response to paragraph 77, Intervenors deny each and every allegation contained in paragraph 77.

<u>Paragraph Number 78</u>

103.   In response to paragraph 78, Intervenors deny each and every allegation contained in paragraph 78.

///

///

///

Complaint in Intervention                    17                    Case No. 06CC02974

## RESPONSES TO FIFTH CAUSE OF ACTION

<u>Paragraph Number 79</u>

104.   In response to paragraph 79, Intervenors incorporate by reference the answers contained in paragraphs 1 through 78, as stated above.

<u>Paragraph Number 80</u>

105.   In response to paragraph 80, Intervenors deny each and every allegation contained in paragraph 80.

<u>Paragraph Number 81</u>

106.   In response to paragraph 81, Intervenors deny each and every allegation contained in paragraph 81.

<u>Paragraph Number 82</u>

107.   In response to paragraph 82, Intervenors deny each and every allegation contained in paragraph 82.

<u>Paragraph Number 83</u>

108.   In response to paragraph 83, Intervenors deny each and every allegation contained in paragraph 83.

<u>Paragraph Number 84</u>

109.   In response to paragraph 84, Intervenors deny each and every allegation contained in paragraph 84.

## RESPONSES TO SIXTH CAUSE OF ACTION

<u>Paragraph Number 85</u>

110.   In response to paragraph 85, Intervenors incorporate by reference the answers contained in paragraphs 1 through 84, as stated above.

<u>Paragraph Number 86</u>

111.   In response to paragraph 86, Intervenors deny each and every allegation contained in paragraph 86.

///

///

Complaint in Intervention                    18                    Case No. 06CC02974

Paragraph Number 87

112.    In response to paragraph 87, Intervenors deny each and every allegation contained in paragraph 87.

Paragraph Number 88

113.    In response to paragraph 88, Intervenors deny each and every allegation contained in paragraph 88.

Paragraph Number 89

114.    In response to paragraph 89, Intervenors deny each and every allegation contained in paragraph 89.

Paragraph Number 90

115.    In response to paragraph 90, Intervenors deny each and every allegation contained in paragraph 90.

Paragraph Number 91

116.    In response to paragraph 91, Intervenors deny each and every allegation contained in paragraph 91.

Paragraph Number 92

117.    In response to paragraph 92, Intervenors deny each and every allegation contained in paragraph 92.

Paragraph Number 93

118.    In response to paragraph 93, Intervenors deny each and every allegation contained in paragraph 93.

**RESPONSES TO SEVENTH CAUSE OF ACTION**

Paragraph Number 94

119.    In response to paragraph 94, Intervenors incorporate by reference the answers contained in paragraphs 1 through 93, as stated above.

Paragraph Number 95

120.    In response to paragraph 95, Intervenors deny each and every allegation contained in paragraph 95.

Complaint in Intervention                    19                    Case No. 06CC02974

1          Paragraph Number 96

2          121.    In response to paragraph 96, Intervenors deny each and every allegation contained

3   in paragraph 96.

4          Paragraph Number 97

5          122.    In response to paragraph 97, Intervenors deny each and every allegation contained

6   in paragraph 97.

7          Paragraph Number 98

8          123.    In response to paragraph 98, Intervenors deny each and every allegation contained

9   in paragraph 98.

10         Paragraph Number 99

11         124.    In response to paragraph 99, Intervenors deny each and every allegation contained

12  in paragraph 99.

13                  **RESPONSES TO SEVENTH CAUSE OF ACTION**

14         Paragraph Number 100

15         125.    In response to paragraph 100, Intervenors incorporate by reference the answers

16  contained in paragraphs 1 through 99, as stated above.

17         Paragraph Number 101

18         126.    In response to paragraph 101, Intervenors deny each and every allegation contained

19  in paragraph 101.

20         Paragraph Number 102

21         127.    In response to paragraph 102, Intervenors deny each and every allegation contained

22  in paragraph 102.

23         Paragraph 103

24         128.    In response to paragraph 103, Intervenors deny each and every allegation contained

25  in paragraph 103.

26         Paragraph 104

27         129.    In response to paragraph 104, Intervenors deny each and every allegation contained

28  in paragraph 104.

Complaint in Intervention                    20                    Case No. 06CC02974

<u>Paragraph 105</u>

130.    In response to paragraph 105, Intervenors deny each and every allegation contained in paragraph 105.

### RESPONSE TO PRAYER FOR RELIEF

131.    Intervenors deny that Petitioners are entitled to the relief requested and pray that the Court not issue any of Petitioners' requested declarations, injunctions, writs, or other relief, and that Petitioners take nothing by way of their Petition.

### AFFIRMATIVE DEFENSES

132.    As and for their affirmative defenses, Intervenors allege as follows:

### FIRST AFFIRMATIVE DEFENSE

133.    The Petition, and each purported cause of action contained therein, fails to allege sufficient facts to state a claim upon which any relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

134.    Petitioners' claims are barred by the applicable statutes of limitation, including, but not limited to, CCP sections 338(a) and 343; Government Code section 11523; Public Resources Code section 21167 and Water Code section 13330; Cal. Code Civ. Proc. §§ 338(a) and 343; Cal Gov't Code § 11523; Cal. Pub. Res. Code § 21167; Cal. Water Code § 13330.

### THIRD AFFIRMATIVE DEFENSE

135.    Petitioners are barred from maintaining this action by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

136.    Petitioners' claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

137.    Petitioners' claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

138.    Petitioners' claims are barred by the doctrine of res judicata and collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

139.    Petitioners' claims are barred by failure to exhaust administrative remedies.

///

Complaint in Intervention                    21                    Case No. 06CC02974

**EIGHTH AFFIRMATIVE DEFENSE**

140.    No threat of harm exists sufficient to support a grant of injunctive relief as requested in the Petition and Complaint.

**NINTH AFFIRMATIVE DEFENSE**

141.    Petitioners lack standing to bring this action.

**TENTH AFFIRMATIVE DEFENSE**

142.    Petitioners lack capacity to bring this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

143.    The writ of mandate sought by Petitioners, if granted, would not confer a public benefit.

**TWELFTH AFFIRMATIVE DEFENSE**

144.    Petitioners have no clear, present, and beneficial right to the relief sought.

**THIRTEENTH AFFIRMATIVE DEFENSE**

145.    The writ of mandate sought by Petitioners would, if granted, compel the State Board and the Regional Board to act in a manner contrary to public policy and federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

146.    Petitioners' claims are barred by the doctrines of estoppel and equitable estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

147.    Intervenors hereby adopt and incorporate by this reference any and all other affirmative defenses asserted or to be asserted by any other defendants in this proceeding to the extent that Intervenors may share in such affirmative defenses.

///
///
///
///
///
///
///

Complaint in Intervention                22                Case No. 06CC02974

## SIXTEENTH AFFIRMATIVE DEFENSE

148.   Because the Petition and Complaint are couched in conclusary terms, all affirmative defenses that may apply to this action cannot be fully anticipated.   Accordingly, the right to assert additional defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

Respectfully Submitted,

Dated:  March 31, 2008

David S. Beckman
Michelle S. Mehta
Noah J. Garrison
Attorneys for Intervenors
Natural Resources Defense Council
Santa Monica Baykeeper and
Heal the Bay

Complaint in Intervention                    23                    Case No. 06CC02974

## VERIFICATION

I, Mark Gold, certify and declare that I have read the foregoing Complaint in Intervention and know its contents.  I am the President of Heal the Bay, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  I am informed and believe and on that ground allege that the matters stated in the document described above are true.

Executed on March 30, 2008 at Santa Monica, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mark Gold
President
Heal the Bay

Complaint in Intervention                24                    Case No. 06CC02974

<u>PROOF OF SERVICE</u>

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1314 Second Street, Santa Monica, California 90401.

    On March 31, 2008 I served the within document described as **NRDC, HEAL THE BAY, AND SANTA MONICA BAYKEEPER'S [PROPOSED] COMPLAINT IN INTERVENTION** on the interested parties in said action by placing true copies thereof in a sealed envelope and by causing such envelope to be delivered by hand by a messenger service to the office of the addressee as indicated below:

Richard Montevideo                Jennifer F. Novak
Rutan & Tucker, LLP               Michael W. Hughes
611 Anton Boulevard, Suite 1400    Deputy Attorney General
Costa Mesa, CA                   300 South Spring St., Suite 1702
92626-1931                       Los Angeles, CA 90013

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on March 31, 2008 at Santa Monica, California.

Margaret A. Oakley

Complaint in Intervention                              Case No.: 06CC02974

# PROOF OF SERVICE

I am employed in Los Angeles County. I am over the age of 18 and not a party to this action. My business address is 624 S. Grand Avenue, 22nd Floor, Los Angeles, California 90017.

On May 16. 2008 I served the foregoing document, described as

**DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION (1) TO STAY ACTION, AND (2) TO DISMISS THE FIFTH CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, STAY; DECLARATION OF DAVID W. BURHENN**

☐ the original of the document
☐ true copies of the document
☒ by electronic service through uploading the document on the court Electronic Case Filing system

on:

See Attached Service List

☐ **BY U.S. MAIL**: I sealed and placed such envelope for collection and mailing to be deposited on the same day at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I am readily familiar with Burhenn & Gest LLP's practice of collection and processing corresponding for mailing. Under this practice, documents are deposited with the U.S. Postal Service on the same day that is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **BY FEDERAL EXPRESS**: I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express. Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY FACSIMILE**: I caused the above referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service.

☐ **BY PERSONAL SERVICE**: I personally delivered such envelope by hand to the office of the addressee(s).

☐ **STATE**: I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

☒ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 16, 2008 at Los Angeles, California.

_____
Howard Gest

DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION (1) TO STAY ACTION, AND (2) TO DISMISS THE FIFTH CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, STAY; DECLARATION OF DAVID W. BURHENN

| SERVICE LIST | |
|---|---|
| ***Natural Resources Defense Council  v. County of Los Angeles***<br>***Case No. CV 08-1467-AHM (PLAx)*** | |
| David S. Beckman<br>Anjali I. Jaiswal<br>Natural Resources Defense Council<br>1314 Second Street<br>Santa Monica, CA  90401<br>Telephone:  (310) 434-2300<br>Facsimile:   (310) 434-2399 | Attorneys for Plaintiff<br>Natural Resources Defense Council |
| Daniel Cooper<br>Layne Friedrich<br>Lawyers For Clean Water, Inc.<br>1004 O'Reilly Avenue<br>San Francisco, CA  94129<br>Telephone:  (415) 440-6520<br>Facsimile:   (415) 440-4155 | Attorneys for Plaintiff<br>Santa Monica Baykeeper |

DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION (1) TO STAY ACTION, AND (2) TO DISMISS THE FIFTH CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, STAY; DECLARATION OF DAVID W. BURHENN