O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | | Date | June 20, 2008 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC. et al v. COUNTY OF LOS ANGELES et al | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On March 3, 2008, Plaintiffs Natural Resources Defense Council, Inc. and Santa Monica Baykeeper filed suit against Defendants County of Los Angeles ("County"), the Los Angeles County Flood District ("Flood Control District"), and various government officials, alleging that the County and the Flood District discharged polluted stormwater in violation of the Clean Water Act ("CWA").  (Compl. ¶ 1.)

On April 22, 2008, Defendants filed two separate motions asking the Court: (1) to stay this action pending resolution of an action in the Orange County Superior Court and to dismiss Plaintiffs' fifth claim for relief; and (2) to dismiss all claims against the Flood Control District, Plaintiffs' first four claims for relief against all Defendants, and to join the State of California as a defendant.  The Court held a hearing on June 16, 2008.

### First Motion

For the following reasons and the reasons stated on the record, the Court DENIES Defendants' first motion[1]:

1.)     First of all, no writ has been issued in the lawsuit currently pending before the Orange County Superior Court, *Cities of Arcadia, et al. v. State Water Resources Control Board* (Case No. 06-cc02974).  In addition, the writ that Judge Colaw apparently contemplates issuing likely would not moot the claims in this lawsuit, as Defendants

---

[1] Dkt. No. 17.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | | Date | June 20, 2008 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC. et al v. COUNTY OF LOS ANGELES et al | | | |

contend.  Judge Colaw's order and the revised proposed writ in the *Arcadia* action refer to water quality standards set forth in the "Basin Plan."  However, the water quality standards that are at issue in this lawsuit are broader than those involved in the *Arcadia* case.  Plaintiffs allege violations not only of the "Basin Plan," but also of the "California Toxics Rule" ("CTR") and "Ocean Plan."  (Compl. ¶¶ 48-49, 52-56, 81, 86-90, 94-96, 101-03, 114-16, 131-32, 138-39, 181-82.)  However overlapping the so-called "numeric" elements may be, this case presents broader implications.  Moreover, Defendants are not parties to the *Arcadia* lawsuit, and thus it is not sufficiently clear how their interests or rights would be affected by the writ.

Given that Defendants argued at the hearing that the writ that Judge Colaw ultimately issues may apply to the "numeric" standards embodied in the CTR, the Court DENIES the motion to stay without prejudice.  If a writ is issued, Defendants may again move for a stay if they do so in good faith and on a timely basis.

2.)     The Court DENIES Defendants' motion to dismiss Plaintiffs' fifth claim for relief under the doctrine of abstention set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098 (1943) or under principles of primary jurisdiction.

Applying the factors articulated by the Ninth Circuit in *United States v. Morros*, 268 F.3d 695 (9th Cir. 2001), *Burford* abstention is inappropriate.  268 F.3d at 705 ("*Burford* allows courts to 'decline to rule on an essentially local issue arising out of a complicated state regulatory scheme.  Its application requires first, that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second, that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy.'") (citation omitted).  At the hearing, Defendants did not dispute that California has not chosen to concentrate citizen suits under the CWA in a particular court or that Plaintiffs have pled only federal claims under the CWA.  Moreover, the State Water Resources Control Board has explicitly stated that the provisions of the "Ocean Plan" remain fully enforceable while it reviews the administrative applications on which Defendants rely.

The doctrine of primary jurisdiction also is inapplicable, because this action does

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | | Date | June 20, 2008 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC. et al v. COUNTY OF LOS ANGELES et al | | | |

not present claims that are so central to the expertise of the underlying administrative agency that a court lacks the capacity to rule correctly on the claims.  There are no claims of first impression or of such complexity that this Court cannot competently adjudicate them.  *See Clark v. Time Warner Cable*, 523 F.3d 1110 (9th Cir. 2008) (applying primary jurisdiction in limited circumstance involving a technical issue of first impression where "Congress has specifically delegated responsibility to the FCC to define 'slamming' violations"); *Rosemere Neighborhood Ass'n v. City of Vancouver*, 2005 WL 2656995 *3 (W.D.Wash. 2005) (concluding that "neither the doctrine of primary jurisdiction nor *Burford* abstention applies to this citizen suit [under the CWA], and that the court should not stay this matter pending the administrative resolution of the City's permit application").

## **Second Motion**

In addition, for the following reasons and the reasons stated on the record, the Court DENIES in part and GRANTS in part Defendants' second motion[2]:

1.)    The Court GRANTS Defendants' motion to dismiss all claims against the Flood Control District because Plaintiffs failed to provide adequate notice pursuant to the requirements of 33 U.S.C. § 1365(b)(1)(A).  Plaintiffs' three notice letters were directed to the County and the City of Malibu.  The letters each alleged that the County and the City of Malibu were violating the CWA permit in question and that Plaintiffs intended to sue the County and the City of Malibu.  The letters did not accuse the Flood Control District of violating the act or state that Plaintiffs intended to sue the Flood Control District.  The dismissal is without prejudice.  If Plaintiffs hereafter send the Flood Control District a sufficient notice letter, the Court directs the parties to explore stipulating to shorten the sixty day notice requirement in order to move this case forward expeditiously.

2.)    The Court DENIES Defendants' motion to dismiss Plaintiffs' first four claims for relief against all Defendants.  Plaintiffs' notice letters were "reasonably specific" to inform Defendants "about what it [was] doing wrong." *Waterkeepers Northern*

---

[2] Dkt. No. 22.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | | Date | June 20, 2008 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC. et al v. COUNTY OF LOS ANGELES et al | | | |

*California v. AG Industrial Mfg., Inc.*, 375 F.3d 913, 917 (9th Cir. 2004) (citation omitted).  The letters cite relevant provisions of the permit at issue and allege that Defendants have discharged contaminated storm water and urban runoff from the sewer system in violation of the permit and discharged waste into specific areas in violation of the Ocean Plan.  Plaintiffs "are not required to list every specific aspect or detail of every alleged violation."  *Id.* at 917, 919.  "Congress did not intend to unduly burden citizens by requiring them to basically carry out the job of the agency."  *Community Ass'n for Restoration of the Environment v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002).

3.)  The Court DENIES Defendants' motion to join the State of California as a defendant. The plain and clear language of 33 U.S.C. § 1319(e) limits application of the State joinder requirement to actions by the United States.  This lawsuit is a citizen suit brought under 33 U.S.C. § 1365, which includes no such State joinder requirement.

At the hearing, Defendants requested "three or four weeks" to answer Plaintiffs' complaint because Defendants contemplate attempting to bring additional parties into this lawsuit.  Defendants shall answer the complaint by not later than July 14, 2008.

_____ : _____

Initials of Preparer                SMO