O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1467 AHM (PLAx) | | Date | April 26, 2010 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.* v. COUNTY OF LOS ANGELES, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**       IN CHAMBERS (No Proceedings Held)

On March 2, 2010, the Court issued a ruling on the parties' cross motions for summary judgment, disposing of most of the claims. The Court reserved ruling on the "Watershed Claims." The Court found that the Plaintiffs had presented no evidence that *discharges* (meaning outflow from a point source) from the County or District portions of the MS4 were causing or contributing to pollutant exceedances at the mass emissions stations downstream. The Court ordered the parties to file simultaneous supplementary briefing on these claims. Specifically, the Court ordered that they:

> specify whether there is any basis in the record or in other facts currently in their possession establishing that the standards exceeding pollutants identified at page 4 passed through the Defendants' MS4 outflows at or near the time the exceedances were observed. In addition, both sides must disclose whether any facts in the record or already in their possession support a finding that Water Quality Standards were exceeded at the monitoring stations in Santa Clara River and Malibu Creek. Each side's response to these inquiries must not exceed five pages and must be filed by March 10, 2010. No response to the other side's filing will be permitted.

March 2, 2010 Order at 13-14. Having reviewed the parties' submissions, the Court GRANTS summary adjudication to the Defendants on the watershed claims—claims one through three and the Malibu Creek portion of claim four.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.* v. COUNTY OF LOS ANGELES, *et al.* | | |

### A.    Motion to Strike Plaintiffs' Supporting Declarations

As a threshold matter, Defendants have moved to strike the supporting declarations that Plaintiffs have filed with their supplemental brief.  The Court DENIES that motion.  The declarations Plaintiffs filed do not cause Plaintiffs to have exceeded the page limit.  The documents on which Plaintiffs rely are either publicly available (and have been so since before March 2, 2010) or were identified by either Plaintiffs or Defendants during discovery.

### B.    The Merits

Plaintiffs failed to present evidence that the standards-exceeding pollutants passed through the Defendants' MS4 *outflows* at or near the time the exceedances were observed.  Nor did Plaintiffs provide any evidence that the mass emissions stations themselves are located at or near a Defendant's outflow.  Plaintiffs do represent in their supplemental briefing that their monitoring data reflects sampling conducted at or near Defendants' outflows.  *See, e.g.*, Plaintiffs' Brief at 2 ("The concentration of these pollutants in discharges measured directly from defendants' outfalls[1] exceeds corresponding water quality standards.").  However, the declarations on which Plaintiffs rely do *not* clearly indicate that the sampling in question was conducted at an outflow (as opposed to in-stream).  *See, e.g.*, Fernandez Decl. ¶¶ 16-20 (authenticating exhibits M-P on which Plaintiffs rely, but never specifying whether any of the monitoring stations were at an MS4 *outlet*[2]); the Burdick and Alamillo Declarations similarly do not specify that the monitoring data was collected at or near a Defendant's *outflow* (as opposed to simply in a watercourse or drain).  Indeed, at least some of the monitoring data on which Plaintiffs rely as establishing a discharge from Defendants' outflows was not collected at an outflow.  *See* Fernandez Decl., Ex. K at 83-84 (describing monitoring sites 1-6 as

---

[1]Plaintiffs use the term "outfalls" synonymously with "outflows" in their supplemental brief.

[2]"Drain" is not synonymous with "outlet," since storm drain refers to the conduit that carries the water, and a measurement taken in a drain may or may not be near an outlet.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | | Date | April 26, 2010 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.* v. COUNTY OF LOS ANGELES, *et al.* | | | |

"open" channels, a "streambed," or a "scour pond," none of which would qualify as an outflow); Plaintiffs' Brief at 2 (citing to Ex. K to support the proposition that pollutants have been "discharged [to Malibu Creek] in excess of corresponding water quality standards *directly from defendants' outfalls*" (emphasis added)).[3]

In short, Plaintiffs have failed to follow the Court's instructions and present data which could establish that "standards-exceeding pollutants . . . passed through the Defendants' MS4 *outflows* at or near the time the exceedances were observed." March 2 Order at 13 (emphasis added). That the pollutants must have passed through an outflow is key because, as the Court found in the March 2 Order, standards-exceeding pollutants must have passed through a County or District outflow in order to constitute a discharge under the Clean Water Act and the Permit. A co-permittee, including the County and the District, is responsible "only for a *discharge* for which it is the operator." Permit ¶ G.4 at 20 (emphasis added). *See also* 40 C.F.R. § 122.26(b)(1) ("*Co-permittee* means a permittee to a NPDES permit that is only responsible for permit conditions relating to the discharge for which it is operator."). The Clean Water Act, in turn, defines "discharge of a pollutant" to mean "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12). A "point source" is "any discernible, confined and discrete conveyance, including . . . any pipe, ditch, channel, tunnel, conduit, . . . [or other examples], from which pollutants are or may be discharged." 33 U.S.C. § 1362(14). Thus, the monitoring data must be from at or near a "discernible, *confined*, and discrete conveyance," *id.* (emphasis added), in order to form the basis for a finding that the County or District had discharged in violation of the Permit.

/ / /

---

[3]Ex. L to the Fernandez Decl. at 104 does suggest that the monitoring for that report was conducted at outflows. However, this reference is buried within the report—not cited in the declaration or the supplemental briefing—and for most of the exhibits, the site descriptions are not even available in the selected pages included in the filed materials.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.* v. COUNTY OF LOS ANGELES, *et al.* | | |

     Because Plaintiffs have failed to establish a basis for the Court to find that standards-exceeding pollutants passed through County or District outflows upstream of the mass emissions stations at or near the time that exceedances were observed downstream, the Court GRANTS summary judgment to the Defendants on the watershed claims.[4]

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

[4]Docket No. 113.