O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS (No Proceedings Held)

This case is before the Court on Defendants' Motion for Certification Under 28 U.S.C. § 1292(b) of the Court's June 20, 2008 Order and its March 2, 2010 Order. For the following reasons, the Court DENIES Defendants' motion.[1]

## I. INTRODUCTION

Under 28 U.S.C. section 1292(b), the Court may certify an order for interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." Such appeals should be granted "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

## II. DISCUSSION

### A. June 20, 2008 Order

[1]Docket No. 328. This is a companion motion to Defendants' Motion to Lift Stay and Grant Summary Judgment at Docket No. 324. The Court's Order granting that motion sets out the factual and procedural background pertinent to both motions.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

Defendants seek certification of the following issue raised by the Court's June 20, 2008 Order:

> (2) Should plaintiffs' ASBS claim have been dismissed or stayed under the doctrine of primary jurisdiction when there is an ongoing statewide administrative process that will promulgate the guidelines for the exception allowing ASBS discharges by defendants and other municipalities statewide?

Defendants' Memorandum of Points and Authorities ("MPA") p. 1.

Defendants assert there is a substantial ground for difference of opinion on this issue based on *Raritan Baykeeper, Inc. v. NL Industries, Inc.*, 2010 WL 2079749 (D.N.J. May 26, 2010). As Defendants argue, that case conflicts with *Rosemere Neighborhood Ass'n v. City of Vancouver*, 2005 WL 2656995 (W.D. Wash. Oct. 18, 2005), upon which the Court relied to decide the primary jurisdiction doctrine issue in its June 20, 2008 Order.

Even assuming *Raritan* is on point, a single conflicting district court opinion from a different circuit is not sufficient to establish a substantial ground for difference of opinion. If it were, interlocutory appeals likely would be justified on any number of issues in routine cases, rather than "only in exceptional situations . . . ." *In re Cement*, 673 F.2d at 1026. Nor, given the current procedural posture of this case, is an interlocutory appeal likely to materially advance the litigation.

### B. March 2, 2010 Order

Defendants also seek certification of the following issue raised by the Court's March 2, 2010 Order:

> (1) Can a municipality that must discharge storm water to prevent flooding and injury to others, and that has applied for but has not received (through agency delay) an administrative "exception" that would regulate that discharge, still be liable for violating the Clean Water Act?

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

In an attempt to establish a substantial ground for difference of opinion, Defendants cite to two circuit court decisions that they argue conflict with the Court's Order. Opp. p. 5 (citing *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523 (11th Cir. 1996); *Miss. River Revival v. City of Minneapolis*, 319 F.3d 1013 (8th Cir. 2003)). Defendant also claims this is an issue of first impression in the Ninth Circuit.

In their opposition, Plaintiffs argues there is, in fact, no conflicting legal authority because Defendants rely on the same two out-of-circuit cases that this Court distinguished in a prior order. Opp. p. 3.

The Court did distinguish these two cases, in its March 2, 2010 Order on the parties' cross-motions for summary judgment. Defendants' continued citation to these cases does not create a substantial ground for a difference of opinion on this issue. Nor, at this point in the case, would an interlocutory appeal "avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026.

## III. CONCLUSION

Based on the foregoing, the Court DENIES Defendants' Motion for Certification.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

________ : ________

Initials of Preparer ____________