O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

This case is before the Court on Defendants' Motion to Lift Stay and Grant Summary Judgment on Plaintiffs' Surfrider Beach Claims.

Having reviewed the parties' submissions, the Court GRANTS Defendants' motion.[1] The Court lifts the stay in this action, vacates its previous grant of summary judgment in favor of Plaintiffs on the Surfrider Beach portion of the First Amended Complaint's fourth claim and its denial of summary judgment for both parties as to the adequacy of the 2008 Compliance Reports' treatment of Surfrider Beach in the sixth claim, and GRANTS summary judgment in favor of Defendants as to those portions of claims four and six.

/ / /

/ / /

/ / /

---

[1] Docket No. 324.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

**I.    INTRODUCTION**

Following is the Court's effort to impose a comprehensible narrative on this acronym-laden litigation,[2] which borrows liberally from the factual recitations in the Court's prior orders.

On March 3, 2008, Plaintiffs Natural Resources Defense Council ("NRDC") and Santa Monica Baykeeper filed suit against Defendants the County of Los Angeles ("County"), the Los Angeles Flood Control District ("District"), and the individual County Supervisors and the Director of the Los Angeles County Department of Public Works in their official capacities (collectively, with the County and the District, "Defendants"), alleging that Defendants violated several provisions in the National Pollutant Discharge Elimination System ("NPDES") Permit (the "Permit").

The Permit regulates municipal stormwater and urban runoff discharges within the County of Los Angeles.  In its June 20, 2008 Order, the Court denied Defendants' motion to stay the case and granted in part and denied in part Defendants' motion to dismiss, finding that Plaintiffs had failed to provide adequate notice to the District but allowing Plaintiffs to refile against the District after valid notice.  On September 19, 2008, Plaintiffs filed their First Amended Complaint ("FAC"), which remains the operative complaint.

The FAC alleges six causes of action under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq.*, for: (1) causing and contributing to exceedances of water quality standards in the Santa Clara River watershed; (2) causing and contributing to exceedances of water quality standards in the Los Angeles River watershed; (3) causing and contributing to exceedances of water quality standards in the San Gabriel River watershed; (4) causing and contributing to exceedances of water quality standards and

---

[2]Plaintiffs commenced this action two-and-a-half years ago, and already there are more than 340 docket entries.  Indeed, as the Court observed in its June 17, 2010 order (Docket no. 314), counsel occasionally have "surrender[ed] their common sense and bombard[ed] the Court with totally pointless papers."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

Total Maximum Daily Load ("TMDL") violations in the Malibu Creek watershed and at Surfrider Beach; (5) illegally discharging waste into the oceanic Area of Special Biological Significance ("ASBS") between Mugu Lagoon in Ventura County and Latigo Point in Los Angeles County; and (6) failing to submit adequate Receiving Water Limitations ("RWL") Compliance Reports.

On September 8, 2009, Plaintiffs moved for partial summary judgment as to liability on claims two and three (as to the District); as to the Surfrider Beach violations in claim four; and as to all of claims five and six. On September 14, 2009, Defendants filed their motion for summary judgment on all counts.

On March 2, 2010, the Court issued an order[3] denying summary judgment for both parties as to the watershed claims (claims one, two, three, and the Malibu Creek portion of claim four), and ordering the parties to submit further briefing on various issues germane to these claims. The Court granted summary judgment for the Plaintiffs on claim five and on the Surfrider Beach portion of claim four. The Court granted summary judgment for the Defendants on all portions of claim six except for the adequacy of the 2008 Compliance Reports' treatment of Surfrider Beach. As to the Surfrider Beach portion of claim six, the Court denied summary judgment for both parties.

On April 26, 2010, after reviewing the parties' supplemental briefing, the Court issued a second order[4] granting summary judgment to the Defendants on the watershed claims, one through three, and the Malibu Creek portion of claim four. The Court's grant of summary judgment on those claims is now on appeal to the Ninth Circuit.

Accordingly, the status of the case prior to this order is as follows:

/ / /

/ / /

---

[3] Docket No. 280.

[4] Docket No. 295.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | | Date | January 27, 2011 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | | |

/ / /

| FAC CLAIM | STATUS |
|---|---|
| **1. Santa Clara Watershed**: Exceeding Water Quality Standards | Defendants' Motion for Summary Judgment GRANTED (Docket No. 295); on appeal |
| **2. LA River Watershed**: Exceeding Water Quality Standards | Defendants' Motion for Summary Judgment GRANTED (Docket No. 295); on appeal |
| **3. San Gabriel Creek Watershed**: Exceeding Water Quality Standards | Defendants' Motion for Summary Judgment GRANTED (Docket No. 295); on appeal |
| **4. a. Malibu Creek Watershed**: Exceeding Water Quality Standards **and** **b. Surfrider Beach**: TMDL violations | a. Defendants' Motion for Summary Judgment GRANTED as to Malibu Creek only (Docket No. 295); on appeal<br><br>b. Plaintiffs' Motion for Summary Judgment GRANTED (Docket No. 280) as to Surfrider Beach (subject of this order) |
| **5. Discharging in Violation of Water Quality Standards for Mugu to Latigo ASBS** | Plaintiffs' Motion for Summary Judgment GRANTED (Docket No. 280); remedy proceeding pending |
| **6. Failure to Submit Adequate RWL Compliance Reports** | Defendants' Motion for Summary Judgment GRANTED as to all of claim 6 except regarding Surfrider Beach (Docket No. 280); both parties' motions for summary judgment DENIED regarding Surfrider Beach portion of claim 6 (subject of this order) |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

     Prior to the Court issuing its first summary judgment order on March 2, 2010, Judge Yaffe of the Superior Court for the County of Los Angeles stayed the operation of Los Angeles Regional Water Quality Control Board ("Regional Board") Order No. R4-2006-0074. Order No. R4-2006-0074 amended the Permit to incorporate certain language, including the TMDL at Surfrider Beach. The Court informed the parties that if Judge Yaffe voided Order No. R4-2006-0074 after this Court issued its order on the parties' motions, then Defendants could move to vacate the judgment on the Surfrider Beach claims.

     On July 16, 2010, Judge Yaffe ordered the Regional Board to void and set aside Order No. R4-2006-0074. On July 29, 2010, Defendants filed the motion now before the Court. On October 19, 2010, the Regional Board voided and set aside the Permit amendments incorporating the Santa Monica Bay TMDL into the Permit and rescinded the March 4, 2008 and October 15, 2009 Notices of Violation ("NOV") to the extent they relate to Santa Monica Bay and Surfrider Beach.

**II.    SUMMARY OF UNDISPUTED FACTS**

     On September 14, 2006, the Regional Board adopted Order No. R4-2006-0074, which amended the Permit to add findings relating to the incorporation into the Permit of the Santa Monica Bay Beaches Dry Weather Bacteria TMDL. Defendants' Supplemental Separate Statement of Undisputed Facts ("SUF") ¶¶ 1, 2. Then-designated finding No. 33 provided that "the Regional Board [would] generally issue an appropriate investigative order" if Receiving Water Limitations ("RWLs") are exceeded. *Id.* at ¶ 3. Then-designated finding No. 34 provided that a permittee would not be responsible for violations if the Regional Board Executive Officer determined that the permittee had adequately documented through a source investigation that bacterial sources originating within the jurisdiction of the permittee have not caused or contributed to the exceedance

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

of the RWL. *Id.* at ¶ 4; Plaintiffs' Statement of Genuine Issues ("SGI") ¶ 4.[5]

Order No. R4-2006-0074 added Part 1.B to the Permit. It provided, "Discharges of Summer Dry Weather flows from [municipal separate storm sewer systems ('MS4s')] into the Santa Monica Bay that cause or contribute to exceedances of the bacteria Receiving Water Limitations in Part 2.5 below are prohibited." *Id.* at ¶ 5. This Regional Board Order also amended the Permit to add a footnote, which includes the sentence, "All Permittees within a subwatershed of the Santa Monica Bay Watershed Management Area are *jointly responsible* for compliance with the limitations imposed in Table 7-4.1." *Id.* at ¶ 7 (emphasis added).[6] Finally, the Regional Board Order amended the Permit to add Part 2.5, which provides that, "During Summer Dry Weather there shall be no discharges of bacteria from MS4s into the Santa Monica Bay that cause or contribute to exceedances in the Wave Wash of the applicable bacteria objectives. . . ." *Id.* at ¶ 8.

On July 16, 2010, Judge Yaffe of the Los Angeles Superior Court issued a judgment finding that the Regional Board committed a prejudicial abuse of discretion in adopting Regional Board Order No. R4-2006-0074, and ordering that a peremptory writ of mandate issue commanding respondents "to void and set aside the Los Angeles Regional Water Quality Control Board Order No. R4-2006-0074 and all amendments to the Los Angeles County Municipal Stormwater Permit (Order No. 01-182) effected thereby" and "to cease and suspend any and all activities taken by [the Regional Board] pursuant to Los Angeles Regional Water Quality Control Board Order No. R4-2006-0074 . . . ." *Id.* at ¶¶ 9-11. On July 23, 2010, the Clerk of the Los Angeles Superior Court issued the Peremptory Writ of Mandate. *Id.* at ¶ 12.

---

[5]Plaintiffs dispute Defendants' SUF ¶ 4, but their "dispute" appears to be that Defendants describe then-designated Finding No. 34 in plain English, rather than quoting it verbatim. *See* SGI ¶ 4. For purposes of this Order, the Court adopts the actual language of the finding (which language Plaintiffs do not dispute), although the Court does not quote it word-for-word.

[6]It is undisputed that the Regional Board Order amended the Permit to include this footnote, although Plaintiffs dispute that it is footnote 4 to the Permit. SGI ¶ 7. In fact, it is footnote 3 to the Permit. *Id.*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

On October 19, 2010, the Regional Board issued a letter to "Permittees and Interested Persons", in which the Regional Board voided and set aside the "operative requirements of Order No. R4-2006-0074 as they pertain to the [Santa Monica Bay] TMDL . . . " in compliance with Judge Yaffe's order. *See* October 19, 2010 Letter with enclosures from Los Angeles Regional Water Quality Control Board, attached to Notice of Amended Los Angeles County Municipal Stormwater Permit (Docket No. 341). In the same letter, the Regional Board rescinded the March 4, 2008 and October 15, 2009 Notices of Violation ("NOV") to the extent they relate to Santa Monica Bay and Surfrider Beach. *Id.* The Court, on its own motion, takes judicial notice of the Regional Board's actions to modify the Permit in compliance with Judge Yaffe's order.

## III.    LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the opposing party if that party does not present such specific facts. *Id*. Only admissible evidence may be considered in deciding a motion for summary judgment. *Id*.; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## IV. DISCUSSION

### A. The Court's Order of Summary Judgment On the Surfrider Beach Portion of Claim Four Must Be Vacated Because the Permit Language Relied Upon In That Order Has Been Voided and Set Aside

Plaintiffs' allegations in claim four of the FAC with respect to Surfrider Beach basically are, in relevant part, that discharges by the County and the District violated the TMDL as incorporated into the Permit by the Regional Board's Order. Defendants' Memorandum of Points and Authorities ("MPA") p. 2. In Plaintiffs' motion for summary judgment as to Defendants' alleged violations at Surfrider Beach, Plaintiffs relied exclusively on Order No. R4-2006-0074's amendments to the Permit. *Id.* As this Court stated in its March 2, 2010 order granting summary judgment for Plaintiffs on the Surfrider Beach claim:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

> The Permit prohibits discharges from the MS4 that cause or contribute to violations of bacterial limits during the dry summer months at beaches in the Santa Monica Bay, including at a designated monitoring location at Surfrider Beach. Permit at 17, 22 (Part 1.B), 24 n.4, 24 (Part 2.5), & Att. U-2. Defendants do not dispute that exceedances of bacterial limits at Surfrider Beach have occurred dozens of times in the summer months since 2006. Defendants also do not dispute that the Regional Board has expressly identified MS4 discharges as one of the sources of fecal bacteria at the beach, in Notices of Violations that it issued to the County and the Flood District in March 2008. Plaintiffs' SUF ¶¶ 26-28, 31-32.

Docket No. 280 at p. 14.

In opposition to Plaintiffs' summary judgment motion, Defendants argued that there are many other potential sources of bacteria at Surfrider Beach. Thus, the exceedances could not be attributed to Defendants. *Id.* As the Court pointed out, however, under the then-existing terms of the Permit, other potential sources of bacteria were irrelevant to determining whether there had been a violation, because footnote 3 of the Permit provided that all permittees were "jointly responsible for compliance . . . ." *Id.*

Defendants also argued that there is no evidence that they contribute to the exceedances at Surfrider Beach, in part because none of their storm drains discharge directly to Surfrider Beach. *Id.* Again, the Court relied on the fact that the Permit did not require that a permitee discharge directly to a monitoring site in order to 'cause or contribute' to exceedances in violation of the Permit. *Id.* Consequently, the Court granted summary judgment for Plaintiffs on the Surfrider Beach portion of claim four. *Id.* at p. 15.

After the Court issued its order on March 2, 2010, Judge Yaffe voided Order No. R4-2006-0074. The Regional Board, in turn, voided that Order's amendments to the Permit. Thus, the Permit no longer contains the operative language upon which the Court based its grant of summary judgment to Plaintiffs on the Surfrider Beach portion of claim

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

four. Accordingly, the Court vacates that portion of its order. Further, summary judgment in favor of Defendants is appropriate.

**B.  Summary Judgment Is Granted For Defendants On The Surfrider Beach Portion of Claim Four Because The Undisputed Facts Fail to Establish Liability**

As discussed above, Defendants have set forth undisputed facts proving that Order No. R4-2007-0042 is now void and the Permit amendments previously relied upon by Plaintiffs to allege TMDL violations at Surfrider Beach are no longer incorporated into the Permit. Plaintiffs contend that even if Judge Yaffe's order voided Permit Part 2.5, which incorporated the TMDL language into the Permit, permittees (including defendants County and Flood Control District) "remain subject to the same bacteria standards that are contained in the TMDL through the Ocean Plan and Part 2.1 of the Permit." Plaintiffs' Opposition ("Opp.") p. 1. In an order in a related case, the Court observed that "the principal difference between Parts 2.1 and 2.5 is that, under Part 2.1, plaintiffs may not rely on footnote 3 of the Permit to assert that the defendants are 'jointly responsible' with the other co-permittees for exceedances at Surfrider Beach." Opp. p. 2. *See* August 2, 2010 Order, *Santa Monica Baykeeper, et al. v. City of Malibu,* CV 08-1465 (Docket No. 144) at pp. 13-14.

As the Court stated in its March 2, 2010 order in this case, it is undisputed that TMDL exceedances occurred at Surfrider Beach and that MS4 discharges caused or contributed to these exceedances. Under Permit Part 2.5, that alone was sufficient to impose liability on Defendants – even without any evidence linking the exceedances directly to Defendants – because all permittees were *jointly* responsible for exceedances. Now Plaintiffs instead rely on Permit Part 2.1 as the basis for Defendants' liability, which does not allow for joint responsibility for exceedances. In order to survive summary judgment, Plaintiffs must raise a genuine issue of fact by proffering evidence directly linking Defendants' discharges to Surfrider Beach exceedances. In their Opposition, Plaintiffs claim to have proffered evidence "demonstrating there are disputed material facts regarding [Defendants'] contribution of bacteria to the documented exceedances at the beach." Opp. p. 3.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

As a threshold matter, the Court agrees with Defendants that in the FAC Plaintiffs have not even alleged a violation of Permit Part 2.1 with respect to Surfrider Beach. Defendants' Reply ("Reply") pp. 2-5. Plaintiffs' allegations with respect to Surfrider Beach (as opposed to the Malibu Creek watershed) are limited to TMDL exceedances, and the now-void Regional Board Order incorporating the TMDL language into the Permit. *See* FAC ¶¶ 322-329 ("During 2006-2008, the County has caused and contributed to and continues to cause and contribute to exceedances of water quality standards at Surfrider Beach in violation of the zero allowable exceedance days of the dry weather Bacteria TMDL, as incorporated into the Permit."). On this basis alone, summary judgment for Defendants is warranted.

In addition, Plaintiffs have failed to set forth evidence linking the Surfrider Beach exceedances directly to Defendants sufficient to raise a genuine issue of fact for trial. Plaintiffs rely on four pieces of evidence. First, Plaintiffs claim it is undisputed that Defendants "discharge from their MS4 to Malibu Creek upstream of Surfrider Beach." Opp. p. 3; SGI ¶ 13. This assertion is based on the deposition testimony of Mark Pestrella. *Id.* The cited Pestrella testimony is only that the MS4 has outlets into Malibu Creek upstream of the mass emissions station. Pestrella does not testify regarding any evidence of bacteria levels at these MS4 outlets attributable to Defendants. Second Colangelo Dec. Ex. UU at 16, 25 (Pestrella T. 258:8-15; 698:14-22) (Dkt. No. 141-3); Kyle Dec. Ex. A at 5 (Pestrella Tr. 248:5-12) (Dkt. No. 261-2).

Second, Plaintiffs rely on the declaration of Dr. Horner, who opines that "[t]he County's and . . . District's MS4 discharges are a major contributor to the documented bacteria violations at Surfrider Beach." SGI ¶ 14. In his declaration, Dr. Horner states that "discharges of polluted stormwater and other urban runoff from unincorporated lands in Los Angeles County into the Los Angeles County MS4 are contributing to documented violations of dry weather bacteria limits at Surfrider Beach." Declaration of Dr. Richard R. Horner ("Horner Decl.") ¶ 6. The essence of Dr. Horner's opinion is that the MS4 is contributing to elevated bacteria concentrations in Malibu Creek, as measured at the County's mass emission station on Malibu Creek, and that bacteria in Malibu Creek are contributing to Surfrider Beach bacteria exceedances in violation of the Ocean Plan limits (incorporated into the Permit at Part 2.1). *See, e.g., id.* at ¶¶ 17, 19, 21. Thus, according to Plaintiffs, Defendants are responsible for Surfrider Beach exceedances.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

It is Dr. Horner's "strong belief that bacteria found in Malibu Creek at the mass emission station are a significant factor in the exceedances of Surfrider Beach bacteria standards and are contributed in substantial part by the Los Angeles County and Flood Control District MS4." *Id.* ¶ 17. Dr. Horner's opinion is not sufficient to establish an issue of material fact, however, because he cites to no actual monitoring data of County or District MS4 outflows. Instead, he bases his opinion on "documented elevated bacteria concentrations at the mass emission station on Malibu Creek and the presence of bacteria sources on unincorporated County lands draining into the MS4." *Id.* ¶ 10. *Cf.* April 26, 2010 Order (Docket No. 295) at pp. 1, 2 (granting summary judgment for Defendants on the watershed claims because, among other reasons, "Plaintiffs failed to present evidence that the standards-exceeding pollutants passed through the Defendants' MS4 *outflows* at or near the time the exceedances were observed. Nor did Plaintiffs provide any evidence that the mass emissions stations themselves are located at or near a Defendant's outflow." (Emphasis in original)).

Third, Plaintiffs claim that Regional Board Notices of Violation ("NOVs") identified the County's and District's "discharges as sources of bacteria that contribute to the exceedances at Surfrider Beach." Opp. p. 4; SGI ¶ 20. As an initial matter, the Regional Board has since rescinded the March 4, 2008 and October 15, 2009 NOVs as they relate to Permit Part 2.5 and Surfrider Beach, and the NOVs do not put Defendants on notice of any violation of Permit Part 2.1. *See* Colangelo Dec. Ex. G at 220-21 (Docket No. 101-8); Ex. H at 228-29 (Docket No. 101-9).

Regardless, these NOVs do not identify the County's and the District's discharges as sources of bacteria that contribute to exceedances at Surfrider Beach. The NOVs state only that "[t]he Permittees *collectively* discharge urban runoff and storm water from the MS4 to the Santa Monica Bay. . . ." *E.g.* Colangelo Dec. Ex. G at 220-21 (Docket No. 101-8) (emphasis added). The NOVs go on to say that these collective discharges contain bacterial indicators, that monitoring data show violations of Permit Parts 2.5 and 2.6, and that the District and County are "*jointly responsible* for violations at these monitoring sites along with the *other Permittees* with land area within the watersheds draining to these sites." *Id.* at 221. Under Permit Part 2.1, however, Defendants are *not* jointly responsible for exceedances at Surfrider Beach and the NOVs do not establish (despite what Plaintiffs contend) that Defendants caused or contributed to any exceedances.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

The two NOVs cited by Plaintiffs *do* contain data that show bacteria exceedances in Malibu Creek, and Plaintiffs contend that exceedances in Malibu Creek contribute to exceedances at Surfrider Beach. Again, however, the NOV's do *not* connect these exceedances in Malibu Creek to Defendants. Colangelo Dec. Ex. G at 223-26 (Docket No. 101-8); Ex. H at 231-34 (Docket No. 101-9).

Finally, Plaintiffs assert that "a Regional Board witness [Renee Ann Purdy] testified at deposition that MS4 discharges are a source of the fecal indicator bacteria measured at Surfrider Beach." Opp. p. 4; SGI ¶ 21. This may be true as far as it goes, but in the cited deposition excerpts Ms. Purdy did not testify that discharges from the County or District are a source of the bacteria measured at Surfrider Beach. Again, this appears to be more evidence of "collective" MS4 discharges, which is not sufficient to raise a material issue of fact as to whether Defendants violated Permit Part 2.1.

Accordingly, summary judgment is GRANTED for Defendants on the Surfrider Beach portion of claim four.

**C.   The Court Vacates Its Denial of Summary Judgment to Both Parties on the Surfrider Beach Portion of Claim Six and Grants Summary Judgment to Defendants on This Claim**

Defendants have also moved to vacate the Court's denial of summary judgment for both parties on the Surfrider Beach portion of claim six, and for the entry of summary judgment on this issue. In its March 2, 2010 order, which Defendants seek to vacate, the Court held:

> "[T]he Regional Board has made a determination . . . that the MS4 is causing or contributing to exceedances of bacterial limits at Santa Monica Bay beaches, including Surfrider Beach. . . . These Notices of Violation were sent to Defendants . . . so they were required to submit RWL Compliance Reports addressing the violations at Surfrider Beach . . . . Defendants have each submitted one RWL Compliance Report since receiving a Notice of Violation . . . . These Reports do address the bacterial

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

> exceedances in Santa Monica Bay, but there is a genuine issue of material fact as to whether their discussion of the proposed changes to the monitoring program is adequate to meet the requirements of the Permit. . . . Thus the Court cannot grant either Defendants or Plaintiffs summary judgment as to the adequacy of the 2008 Compliance Reports."

Docket No. 280 at p. 18.

As discussed above, the Notices of Violation relate to violations of the TMDL, which the Regional Board Order incorporated into the Permit. These portions of the Permit have been voided and set aside, and the NOV's have been rescinded in relevant part. Therefore, Defendants are not obligated to submit RWL Compliance Reports in response to these NOV's, nor can there be any issue of fact regarding whether such reports are adequate. Further, the factual findings in the NOVs do not connect either the County or the District to discharges that resulted in exceedances. The NOVs found only that collective discharges from all permittees caused or contributed to exceedances in violation of Permit Parts 2.5 and 2.6. As the Court already has found, this alone is not sufficient to raise a factual issue regarding a violation of Permit Part 2.1, nor to somehow require Defendants to submit RWL Compliance Reports under this portion of the Permit.

Accordingly, summary judgment is GRANTED for Defendants on the Surfrider Beach portion of claim six.

## IV. CONCLUSION

For the reasons set forth above, the Court lifts the stay in this action, vacates its previous grant of summary judgment in favor of Plaintiffs on the Surfrider Beach portion of the First Amended Complaint's fourth claim and its denial of summary judgment for both parties as to the adequacy of the 2008 Compliance Reports' treatment of Surfrider Beach in the sixth claim, and GRANTS summary judgment in favor of Defendants as to those portions of claims four and six.[7]

---

[7] Docket No. 324.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1467 AHM (PLAx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, et al. v. COUNTY OF LOS ANGELES, et al. | | |

:

Initials of Preparer